IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01661-MEH-MJW

EMILY R. BEXLEY,

    Plaintiff,

vs.

DILLON COMPANIES, INC., d/b/a/ KING SOOPERS, INC., a Kansas Corporation,

    Defendant.

_____

**ORDER ON DEFENDANT'S MOTION TO DISMISS**
_____

In this employment discrimination suit, Defendant has filed a Motion to Dismiss, alleging that Plaintiff failed to exhaust part of her first claim, and her second claim in its entirety (Docket #65). Plaintiff has filed her response and Defendant its Reply. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants in part** and **denies in part** the Motion to Dismiss.

**I.  Facts**

Plaintiff alleges that Defendant failed to reasonably accommodate her disability and retaliated against her in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*. Defendant alleges that Plaintiff's timely administrative charge of discrimination with the Equal Employment Opportunity Commission (EEOC) contains the allegation that Plaintiff was demoted and constructively discharged from her position as Assistant Produce Manager, and that the failure to reasonably accommodate her disability consisted of Defendant's refusal to modify her hours. Defendant argues that Plaintiff has not administratively exhausted a claim based on failure to

accommodate through reassignment. Further, Defendant contends that Plaintiff has not administratively exhausted a claim based on retaliation.

Plaintiff contends that to establish exhaustion of remedies, she only needs to demonstrate that she cooperated with the EEOC in good faith and provided all relevant, available information. She argues that she did so with regard to discrimination based on failure to reassign. She further alleges that reassignment was actually considered by the EEOC. Further, she alleges that "the facts underlying the retaliation claim were also before the EEOC," citing a handwritten letter from Plaintiff to the EEOC dated April 25, 2000.

Plaintiff's charge of discrimination (Exhibit A to Defendant's Motion to Dismiss) establishes that Plaintiff alleged that she was offered two alternative positions (courtesy clerk or part-time clerk), but both would be a cut in pay and one would reduce her hours. The only type of discrimination she alleged in her charge of discrimination was based on disability.

## II.     Discussion

The parties' reliance on matters outside the pleadings is appropriate in the context of an employment discrimination case when the defendant moves to dismiss for failure to exhaust administrative remedies. "When a party challenges the allegations supporting subject-matter jurisdiction, the 'court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.' . . . 'In such instances, a court's reference to evidence outside the pleadings does not convert the motion [to dismiss] to a Rule 56 motion [for summary judgment].'" *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003) (citation omitted). As Defendant points out (although citing case authority relating to Title VII of the Civil Rights Act of 1964), exhaustion of administrative remedies is a jurisdictional prerequisite

2

to suit under the ADA.  *E.g., MacKenzie v. Denver, City and County Of*, 414 F.3d 1266, 1274 (10th Cir. 2005); *Craft v. Yellow Freight System, Inc.*, 139 F.3d 911 (Table), 1998 WL 72783 at *3 (10th Cir. Feb. 23, 1998).  Thus, the proceedings before the EEOC may properly be considered by this Court in addressing a motion to dismiss for failure to exhaust administrative remedies.

The purpose behind the requirement of exhausting a claim with the EEOC is two-fold: It "protect[s] employers by giving them notice of the discrimination claims being brought against them, in addition to providing the EEOC with an opportunity to conciliate the claim."  *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1195 (10th Cir. 2004).  The Tenth Circuit follows a rule of liberally construing charges of discrimination filed before the EEOC, in order to effectuate the intent of Congress in eliminating discrimination in the workplace.  *See, e.g.*, *id.*

It is clear to this Court that, for purposes of this Motion to Dismiss, Plaintiff has exhausted a claim based on Defendant's alleged failure to transfer her to a satisfactory alternative position.  In her EEOC Charge, Plaintiff actually discussed the unsatisfactory job transfers that Defendant offered her.  This placed Defendant on notice of that allegation.  Further, the EEOC, in its Determination Letter, discusses Plaintiff's desire for a transfer and Defendant's contention that it offered the Plaintiff "alternate positions at her store" as well as considered her for four promotions to "APC [all-purpose clerk/checker] positions" at other stores.  Finally, the EEOC made a finding that Defendant had transferred other employees to alternative positions and had not demonstrated why it could not have likewise transferred Plaintiff.  These references establish that the EEOC engaged in an effort to conciliate Plaintiff's desire for alternate positions.  Thus, both prongs of the exhaustion requirement have been met with regard to the claim for reassignment to an alternative position, and dismissal on this ground is not warranted.

Unlike the claim for failure to transfer, there is no evidence that Plaintiff exhausted a retaliation claim. She did not allege retaliation in her EEOC Charge. The EEOC Determination Letter did not address retaliation. And Plaintiff's April 25, 2000, letter has no statements whatsoever that have anything to do with retaliation. Yet, even if Plaintiff's letter did address retaliation, raising a new claim during administrative attempts at mediation is not sufficient. Plaintiff was required to either amend her EEOC charge or file a second charge to exhaust her administrative remedies for her retaliation claim. *See Xiangyuan Zhu v. Fed. Hous. Fin. Bd.*, 389 F. Supp. 2d 1253, 1277-78 (D. Kan. 2005) (discussing Tenth Circuit precedent holding that a claim must be part of a formal charge to satisfy the exhaustion requirement). Thus, dismissal of the second claim is warranted.

**III.    Conclusion**

Accordingly, for the reason stated above, it is hereby **ORDERED** that the Defendant's Motion to Dismiss [Filed January 12, 2006; Docket #65] is **denied** insofar as it concerns the First Claim for relief; and **granted** insofar as it concerns the Second Claim for Relief. Plaintiff's Second Claim for Relief is dismissed without prejudice.[1]

Dated at Denver, Colorado, this 13th day of March, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] A dismissal for lack of subject matter jurisdiction, which includes failure to exhaust, should be without prejudice. *E.g., Strozier v. Potter*, 71 Fed. Appx. 801, 804, 2003 WL 21783813 at *1 (10th Cir. Aug. 4, 2003).